IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~NORTHERN~~ DIVISION
SOUTHERN

| | | |
|---|---|---|
| **DONALD SPOONER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No: 1:21-CV-350-KFP |
| | ) | |
| **GULF STATES COLD STORAGE CO.,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**I.  INTRODUCTION**

1. Donald Spooner brings this is an action for legal and equitable relief to redress race harassment and discrimination, and retaliation against Gulf States Cold Storage Co. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"), 42 U.S.C. §1981, and 42 U.S.C. §1981a. Plaintiff seeks injunctive relief, backpay, compensatory damages, punitive damages, attorneys fees and costs, and requests a jury trial pursuant to 42 U.S.C. §1981a.

**II.  PARTIES**

2. Plaintiff, Donald "Tank" Spooner, is a Caucasian male citizen of the United States, and a resident of Slocomb, Alabama. Mr. Spooner was employed by the Defendant as General Manager from July 26, 2019 until his termination on June 23, 2020.

3. Defendant, Gulf States Cold Storage Co., is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b). At all times material to this action, Defendant employed fifteen (15) or more employees and was subject to Title VII.

### III. ADMINISTRATIVE EXHAUSTION

4. The Plaintiff has satisfied all conditions precedent to the filing of this legal action as required by Title VII.

5. On or about August 31, 2020, Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunities Commission (Charge# 420-2020-02963) against Defendant, in which he complained that the Defendant had subjected him to race discrimination, racial harassment, and retaliation in violation of Title VII.

6. Plaintiff subsequently received a Right-To-Sue Notice from the EEOC and timely filed this complaint within ninety (90) days of the receipt of said Notice.

### IV. STATEMENT OF FACTS AND CLAIMS

7. Donald "Tank" Spooner was employed by Defendant Gulf States Cold Storage, as a General Manager at the Dothan, Alabama location, from July 26, 2019 until his termination on June 23, 2020.

8. During Plaintiff's employment, he was subjected to a racially hostile work environment and retaliation.

9. The racially hostile environment included but was not limited to, racially offensive comments and treatment of African-American supervisors and employees by the Vice President of Operations, Terry Sledd.

10. Sledd's comments and conduct precluded Plaintiff from working in an environment free of racial discrimination and harassment.

11. As General Manager, Plaintiff supervised at the Dothan location, with a workforce of approximately 45 employees.

12. The vast majority of these employees were African-American, including four supervisors, who were African-American.

13. During Plaintiff's tenure as GM, he promoted/hired two of these individuals.

14. The Vice President of Operations, Sledd, who was Plaintiff's supervisor, repeatedly made derogatory comments about the African-American workforce and supervisors.

15. On June 16, 2020, while visiting the Dothan plant, Sledd stated that "there are too many black people on the night shift" and "we need to start looking for reasons to write them up."

16. Such comments were made to African-American supervisor, Kwame Glanton.

17. Glanton reported the offensive and inappropriate comments to Plaintiff.

18. Sledd also stated directly to Plaintiff, "there were too many black employees on night shift."

19. Sledd further stated that he wanted "to look at ways to get rid of Litisha and Betty," two African-American female supervisors.

20. Sledd repeatedly made derogatory remarks about the African-American workforce and repeatedly attempted to hold the African-American supervisors to heightened scrutiny and different treatment.

21. When Sledd would make comments about getting rid of the African-American supervisors, Plaintiff responded that he was not doing that.

22. Sledd also stated that he was "about to slap" an African-American supervisor whom he said failed to speak to him.

23. This comment upset the supervisor and several other employees.

3

24. During this same visit, Sledd made comments and pushed Plaintiff to unfairly discipline African-American supervisor Litisha.

25. Plaintiff complained and objected to Sledd regarding his comments and treatment of African-American employees.

26. Plaintiff told Sledd that Sledd never had problems with white supervisors but always had problems with the African-American supervisors. Plaintiff further stated that based on his observations, Sledd's comments, and his treatment of these employees, it appeared he had a problem with blacks, and asked Sledd if he had a race problem.

27. Plaintiff further told Sledd that his comments and conduct were causing problems amongst the workforce.

28. The next week on June 23, 2020, Sledd returned to the facility.

29. Sledd met with Plaintiff and said, "after the conversation we had last week and after thinking about it over the weekend, the company has decided to move in a different direction," and told Plaintiff he was fired.

30. Plaintiff had not been reprimanded in any way prior to this.

31. At no time did Sledd question Plaintiff's work performance, and in fact, commented in a meeting with some employees that Plaintiff was "the right guy for the job."

32. At the time of Plaintiff's termination, Sledd did not mention any issues with the running of the plant or his work performance, nor did he the week prior.

33. When Sledd terminated Plaintiff, he specifically referenced the conversation he had

4

with Plaintiff regarding Plaintiff's complaint and objection to the way he treated African-American employees.

34. After Plaintiff was terminated, Sledd terminated Kwame Glanton (African-American), the individual who reported Sledd's racial comments to him.

35. Glanton was replaced as a supervisor by a white male.

## COUNT ONE: CLAIMS OF RACE DISCRIMINATION AND HARASSMENT PURSUANT TO TITLE VII AND 42 U.S.C. §1981

36. Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 35 above with the same force and effect as if fully set out in specific detail herein below.

37. Plaintiff was subjected to discrimination and harassment by Defendant. The discrimination and harassment included racially offensive comments and treatment of African-American employees and supervisor, Plaintiff's termination, and other terms and conditions of his employment.

38. Defendant's conduct prevented Plaintiff from working in an environment free of discrimination and harassment.

39. The harassing conduct was unwelcomed, severe or pervasive and affected Plaintiff's working conditions.

40. Defendant had actual or constructive knowledge of the harassment but failed to take prompt remedial action.

41. Defendant has engaged in a pattern and practice of harassment based on race.

42. Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

43. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT TWO: CLAIMS OF RETALIATION PURSUANT TO TITLE VII AND 42 U.S.C. §1981

44. Plaintiff re-alleges and incorporates by reference paragraphs 1-43, above with the same force and effect as if fully set out in specific detail hereinbelow.

45. Plaintiff complained to Sledd about the discrimination and harassment against African-American employees whom he supervised.

46. Plaintiff had a good faith belief that the conduct was discriminatory.

47. As a result of Plaintiff's complaints, Plaintiff was terminated.

48. Plaintiff engaged in protected activity.

49. Plaintiff was subjected to adverse action.

50. Defendant's actions are casually related to Plaintiff's protected activity.

51. Defendant's conduct was pretext for retaliation.

52. Because of such conduct, the Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

53. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following relief:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and §1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, Defendant's agents, successors, employees, attorneys and those action in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964, §1981a.

3. Grant the Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding him compensatory, punitive, and/or nominal damages, back-pay (plus interest), reinstatement and/or front pay.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*

Rocco Calamusa, Jr. (asb-5324-a61r)
WIGGINS, CHILDS, PANTAZIS,
　　FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
rcalamusa@wigginschilds.com

Attorney for Plaintiff

**Defendants' Addresses:**
Gulf States Cold Storage Co.
c/o Donald Maddox, Reg. Agent
211 Through Street
Andalusia, AL 36420

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/*
OF COUNSEL